# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) )  ) |
| Plaintiff, | )CIVIL ACTION NO. 05-0955(PLF) |
| v. | ) ) |
| JMC GLASS & MIRROR, INC., a dissolved Illinois corporation, *et al.* | ) ) ) |
| Defendants. | ) ) |

## MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff, the International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Fund") respectfully moves this Court for entry of judgment by default against Defendants, JMC Glass & Mirror, Inc., a dissolved Illinois corporation ("Company"), a/k/a JMC Glass & Mirror Inc. a/k/a JMC Glass & Mirror, Max Cheatham ("M. Cheatham"), individually and d/b/a JMC Glass & Mirror, Inc. a/k/a JMC Glass & Mirror Inc. a/k/a JMC Glass & Mirror and Joan Cheatham ("J. Cheatham" and jointly with M. Cheatham, "Individual Defendants" and together with Company "Defendants"), in the amount of $9,945.11 pursuant to 29 U.S.C. §§ 1132(g)(2)(A)-(D), the Pension Fund's Trust Agreement and the rules and regulations set forth in the Pension Fund's plan of benefits. The Pension Fund also seeks an order requiring Defendants to cooperate in the conduct of a contribution compliance audit to determine the amount of any additional unpaid contributions, liquidated damages, interest and late fees that may be due and owing to the Fund and for injunctive relief requiring Defendants to fully and timely comply with their ongoing contributory obligations to the Pension Fund. This motion follows the default entered against Defendants on July 20, 2005, pursuant to Federal Rule of Civil Procedure 55(a).

155619-1

Accompanying this motion are a supporting Memorandum of Points and Authorities, Declaration of Gary Meyers (attached as Exhibit 1), Declaration of Sanford G. Rosenthal (attached as Exhibit 3), and a proposed form of default judgment order.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY:   s/Sanford G. Rosenthal
      SANFORD G. ROSENTHAL (Bar No. 478737)
      The Penn Mutual Towers, 16th Floor
      510 Walnut Street, Independence Square
      Philadelphia, PA 19106-3683
      (215) 351-0611
Date:  July 20, 2005        Counsel for Plaintiffs

155619-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) |
| Plaintiff, | )CIVIL ACTION NO. 05-0955(PLF) |
| v. | ) ) |
| JMC GLASS & MIRROR, INC., a dissolved Illinois corporation, *et al.* | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiff, the International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), is entitled to an Order entering judgment by default against Defendants, JMC Glass & Mirror, Inc., a dissolved Illinois corporation ("Company"), a/k/a JMC Glass & Mirror Inc. a/k/a JMC Glass & Mirror, Max Cheatham ("M. Cheatham"), individually and d/b/a JMC Glass & Mirror, Inc. a/k/a JMC Glass & Mirror Inc. a/k/a JMC Glass & Mirror and Joan Cheatham ("J. Cheatham" and jointly with M. Cheatham, "Individual Defendants" and together with Company "Defendants"), in the amount of $9,945.11. In addition, the Plaintiff is entitled to injunctive relief in the form of an Order requiring Defendants to submit to an audit of the period July 2004 through the date of the audit, and to submit future remittance reports and contributions in a full, complete and timely manner.

The Pension Fund served its complaint on Company and M. Cheatham on May 31, 2005. The Pension Fund served its complaint on J. Cheatham on June 6, 2005. To date, Defendants have failed to answer the complaint or to otherwise defend this action. On July 20, 2005, default

155619-1

was entered against Defendants pursuant to Rule 55(a), F.R.Civ.P.  Plaintiff now submits this

Motion for Entry of Judgment by Default pursuant to F.R.Civ.P. 55(b)(2).

Accompanying this memorandum are a Declaration of Gary Meyers, a Declaration of

Sanford G. Rosenthal, Esquire, and a proposed form of judgment order.

The Pension Fund requests that the Court enter judgment by default against

Defendants in the amount of $9,945.11 as set forth in the following paragraphs:

     1.    <u>Pension contributions in the amount of $5,506.83</u>

Based on an audit performed on October 27, 2004 for the period January 1, 2002 to June

30, 2004, Defendants owe the Pension Fund contributions in the amount of $5,506.83.  Meyers

Declaration ¶8.

     2.    <u>Interest through July 15, 2005 in the amount of $741.81</u>

The rules and regulations as set forth in §10.12(b)(2) of the International Painters and

Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this

matter and incorporated by reference) set the interest rate on delinquent contributions according

to the Internal Revenue Service rate for delinquent taxes.  Interest accruing through January 15,

2005 on Defendant's $5,506.83 in delinquent contributions totals $741.81.  Meyers Declaration,

¶9; 29 U.S.C. §1132(g)(2)(B); 26 U.S.C. §6621.  Interest will continue to accrue until the

contributions are paid.

     3.    <u>Liquidated damages of $1,101.36.</u>

ERISA and §10.12(b)(3) of the Plan's rules and regulations mandate that liquidated

damages be awarded in an amount equal to the greater of interest or 20% of unpaid contributions

due at the commencement of the lawsuit and those which become delinquent during the course of

the litigation.  Article VI, Sec. 4 of the Pension Fund's Trust Agreement (attached as Exhibit 1 to

155619-1

the Complaint filed in this matter and incorporated by reference) also provides for the assessment

of liquidated damages on contributions paid after the due date.  As indicated above, Defendants

owe at least $5,506.83 in unpaid contributions. Twenty percent (20%) of these amounts is

$1,101.36. The total amount of liquidated damages is greater than the interest due.  Therefore,

the amount of liquidated damages which Defendants owe is $1,101.36.  Meyers Declaration, ¶10;

29 U.S.C. §1132(g)(2)(C).

  4. Attorneys' fees and costs of $2,379.71

  Plaintiff has incurred $2,379.71 attorneys' fees and costs in connection with this matter

through July 15, 2005.  Rosenthal Declaration, ¶2 and Exhibit 4. See 29 U.S.C. §1132(g)(2).

  5. Audit costs of $215.40.

  The determination of an employee's eligibility for benefits is made based upon information

contained on the remittance report.  An employer's liability to the Pension Fund is also based on

information contained in the report.  When a remittance report is not submitted or contains incorrect

information, then a proper determination of eligibility and amounts due to the Pension Fund is

impossible.  In such a case, the only means of obtaining the necessary information is to review the

employer's payroll records.  Central States, S.E. & S.W. Areas Pension Fund v. Central Transport,

Inc., 472 U.S. 559, 581 (1985).

  Article VI, Section 6 of the Agreement and Declaration of Trust of the Pension Fund

provides for recovery of audit costs in the event that an audit of a signatory employer's payroll

books and related records reveals a delinquency to the Pension Fund. On October 27, 2004, the

Pension Fund completed an audit of the Company's payroll books and related records covering

the period January 1, 2002 through June 30, 2004.  This audit revealed a consistent pattern of

underpayments and non-payments of contributions to the Pension Fund. As a result, Company is responsible for the cost of the audit. The cost of the audit is $215.40. Meyers Declaration, ¶11.

6.    Audit

The determination of an employee's eligibility for benefits is made based upon information contained on the remittance report. An employer's liability to the Pension Fund is also based on information contained in the report. When a remittance report is not submitted or contains incorrect information, then a proper determination of eligibility and amounts due to the Pension Fund is impossible. In addition, the Fund's trustees have an obligation as fiduciaries to periodically audit employer payroll records to insure that all required contribution are being reported and paid. Payroll audits are the only means of validating the information provided by an employer on the remittance report it submits to the Fund. Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 581 (1985). Given the clear language of the contract and obligation mandated by ERISA, this Court should Order Defendants to produce their payroll books and records from July 2002 to date, so that a precise determination of amounts owed to the Fund can be made. See, International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Company, Inc., 2003 U.S. Dist. LEXIS 19093, *21 (D.D.C. 2003) (citing Flynn v. Mastro Masonry Contractors, 237 F. Supp. 2d 66. 70 (D.D.C. 2002)).

7.    Injunctive Relief.

In light of Defendants' failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month, and the irreparable harm which Defendants' malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. Laborers' Fringe Benefit Funds v. Northwest Concrete, 640 F.2d 1350, 1352 (6th Cir.

155619-1

1981); <u>IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc.</u>, 4 EBC 1199, 1200

(D.D.C. 1983); <u>Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co.</u>, 640

F.Supp. 223 (D.D.C. 1986).

      8.     <u>Future Attorneys' Fees and Costs of Collection</u>

The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in

connection with the enforcement and collection of any judgment entered by the Court. <u>See,</u>

<u>Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.</u>, 57 Fed. Appx. 972 (3d

Cir. 2003); <u>Free v. Briody</u>, 793 F.2d 807 (7th Cir. 1986); <u>Sheet Metal Workers Health and</u>

<u>Welfare Trust Fund v. Big D Service Co.</u>, 867 F.2d 852 (10th Cir. 1989).

                    Respectfully submitted,

                    JENNINGS SIGMOND, P.C.

                    BY:<u>s/Sanford G. Rosenthal</u>
                       SANFORD G. ROSENTHAL (Bar No. 478737)
                       The Penn Mutual Towers, 16th Floor
                       510 Walnut Street, Independence Square
                       Philadelphia, PA 19106-3683
                       (215) 351-0611
Date: July 20, 2005           Counsel for Plaintiffs